# CHARLESTON.

## ARTHUR *v.* CITY OF CHARLESTON.

### Submitted January 21, 1899—Decided March 25, 1899.

1. MUNICIPAL CORPORATIONS—*Contributory Negligence—Streets—. Jury.*

   In an action of trespass on the case against a city to recover damages for an injury claimed to have been sustained by tripping and falling over a rope stretched across one of its sidewalks, in which the testimony of the plaintiff shows that he was ignorant of the existence of such obstruction, and that, although there were electric lights in the immediate neighborhood of the rope, yet the shadow of the telegraph pole to which it was tied obscured the rope, the question of negligence on the part of the defendant was one for the jury. (p. 90).

2. MUNICIPAL CORPORATIONS—*Streets--Negligence—Jury.*

   Where a party is injured by an obstruction on a sidewalk in a town, the question as to whether said town has been negligent

in allowing such obstruction to be and remain on the sidewalk depends upon the circumstances of the particular case. (p. 91).

Error to Circuit Court, Kanawha County.

Action by R. H. Arthur against the city of Charleston. Judgment for defendant, and plaintiff brings error.

*Reversed.*

E. W. WILSON, for plaintiff in error.

C. B. COUCH, for defendant in error.

ENGLISH, JUDGE:

An action of trespass on the case was brought on the 28th of July, 1897, by R. H. Arthur against the city of Charleston, in which he claimed ten thousand dollars damages for injuries alleged to have been received by him and occasioned by the failure on the part of said defendant to keep one of its sidewalks free from obstruction and safe for travel, in this: that it negligently permitted the said sidewalk to become and remain obstructed by a strong, heavy rope or cable fastened on the opposite side of said walk, and tightly drawn across, and a short distance above, the same which caused him, in passing along said sidewalk, to be thereby tripped, and to fall upon the sidewalk, greatly injuring himself. A demurrer was interposed by the defendant to the plaintiff's declaration, which was overruled. The defendant pleaded the general issue, and on the 11th day of November, 1897, the cause was submitted to a jury, who heard the plaintiff's evidence; and he having rested his case, the defendant, by his attorney, moved the court to exclude the evidence of the plaintiff from the consideration of the jury, which motion prevailed, and the jury was instructed to disregard the plaintiff's evidence, and thereupon the jury found the defendant not guilty. The plaintiff, by his counsel, moved the court to set aside the verdict as contrary to the law and the evidence, and award him a new trial, which motion was overruled, and the plaintiff excepted, and judgment was rendered for the defendant. Thereupon the plaintiff, by his counsel, moved the court to set aside said judgment, which motion was overruled, and the plaintiff, by counsel, excepted, and took a bill of exceptions, setting out the testimony, and applied

for and obtained this writ of error. The only error assigned by the plaintiff claims that the court erred in striking out the evidence, and directing the jury to find a verdict in favor of the defendant.

The question presented for our consideration by this record is whether the circuit court erred in striking out the plaintiff's evidence, and directing the jury to find a verdict for the defendant. The testimony adduced does not tend in any manner to indicate that there was any inherent defect in the pavement at the point where the plaintiff was injured, and we cannot say, from the testimony, that the sidewalk was out of repair; but it is shown that there was an obstruction in the shape of a rope, the same being the stern line of the wharf boat; that the river was high, and the line was made fast to a telegraph pole on the top of the bank. Now, in order that the plaintiff should succeed in this case, it was not only necessary that he should convict the defendant of negligence, but if, in putting in his evidence, he also showed that he was guilty of contributory negligence, he could not recover. Both of these questions involved, to some extent, questions of fact. Elliott, in his valuable work on Roads and Streets (page 640), says: "The place where the injury occurred is sometimes an important matter for consideration. Especially is it so upon the question of notice, for what would be negligence respecting a street in a densely populated and much-frequented part of a city or incorporated town might not be so in a remote and little-used street or alley;" citing *Reed* v. *Mayor*, etc., 31 Hun. 311, which was an action brought to recover damages by one injured by falling on a sidewalk covered with snow, and it was held that "the court should have instructed the jury that what was a reasonable time to remove the snow, and what is a reasonably safe condition of the sidewalk, is for the jury to determine, and must be determined from a reasonable standpoint." On the same page from which the above is taken, Elliott adds: "In most cases the question of whether the corporation ought to have acquired knowledge is dependent upon the locality and its surroundings, and is generally a question of fact for the jury." On the same page he also says: "The weight of authority is overwhelming in favor

of the doctrine that contributory negligence will effectually defeat recovery. It is therefore competent in all cases for the corporation to introduce evidence tending to show that the fault of the plaintiff proximately contributed to his injury."

The testimony in this case clearly indicates that the circumstances immediately surrounding and connected with the accident were thoroughly examined and inquired into.

The condition of the lights at the point where the injury occurred was investigated, which was proper in order to determine whether beacon lights were necessary, or the street was so well lighted as to charge the plaintiff with negligence in not seeing and avoiding the obstruction. In the case of *Chapman* v. *Milton*, 31 W. Va. 384, (7 S. E. 22), it was held that our statute (Code, c. 43, s. 53) imposes an absolute liability upon cities, villages, and towns for injuries sustained by reason of the failure of the municipal authorities to keep in repair those streets, sidewalks, etc., within the corporate limits which its authorities have opened or controlled, and treated as public streets, sidewalks, etc.; and therefore, in an action against a town by a person injured by a defective sidewalk, he is not required to allege in his declaration, or prove on the trial, that the defendant had notice of defects or want of repair in such sidewalk. There seems, however, to be a distinction between a defect in the sidewalk itself and an obstruction across it, as in this case. In many instances obstructions are placed on the sidewalk as a matter of necessity; for instance, where buildings are in course of construction, or in case of fires or floods, or where merchants are receiving and discharging goods, etc., in all which cases the liability of the town is dependent upon the circumstances, and whether the authorities have been negligent by failing to act with sufficient promptness in removing the obtsruction. So, in the case we are considering, the question whether it was the duty of the city of Charleston to know that this line was stretched across the sidewalk, and that the same was dangerous to pedestrians, and if the light at that point was insufficient, or the shadow of the telegraph pole fell in such a manner as to obscure the rope, and make beacon lights necessary to warn people passing that way

of the danger, all bear upon, and are necessary facts to be ascertained and determined in reaching a proper solution of the issue raised in this case, and in determining whether the defendant was guilty of negligence, or the plaintiff guilty of contributory negligence, as also were the facts disclosed by the physicians as to the character of the plaintiff's injury, and whether it resulted exclusively from falling over this rope, or was a consequence of the old wound he had received of which the physicians testify.

Counsel for the city claims that the plaintiff, in putting in his case, showed that he was guilty of contributory negligence. When we look for the definition of this, we find in Beach's valuable work on that subject the following: "Contributory negligence, in its legal signification, is such an act of omission on the part of a plaintiff, amounting to a want of ordinary care, as, concurring or co-operating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of. To constitute a contributory negligence, there must be a want of ordinary care on the part of the plaintiff, and a proximate connection between that and the injury."

My conclusion is that the issue made by the pleadings in this cause presents so many questions of fact that the court erred in striking out the plaintiff's evidence, and taking the question of negligence, which was dependent upon so many facts, from the jury, The judgment complained of is reversed, the verdict set aside, and a new trial awarded.

*Reversed.*