# CHARLESTON.

MARY L. GORSUCH *v.* F. W. WOOLWORTH & COMPANY

(No. C. C. 400).

Submitted April 12, 1927. Decided September 13, 1927.

1. NEGLIGENCE—*In Action for Negligence, Averring Specifically That Defendant Owes Duty Not to Injure Plaintiff is Ordinarily Unnecessary Averring Facts From Which Law Implies Duty Being Sufficient.*

   Ordinarily it is not necessary, in an action for negligence, to aver specifically that the defendant owes a duty to the plaintiff not to injure him, it being sufficient in this respect if the complaint avers facts from which the law will imply the duty. (p. 100.)

   (Negligence, 29 Cyc. p. 567.)

2.   SAME—*In Action for Negligence, Declaration Failing to Al-
lege Facts Showing Negligence Was Proximate Cause of
Injury is Demurrable.*

In such action, where the declaration fails to allege facts,
showing that the defendant's negligence was the proximate
cause of the plaintiff's injury, it is demurrable.   (p. 101.)

(Negligence, 29 Cyc. p. 573.)

(NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Case Certified from Circuit Court, Ohio County.

Action by Mary L. Gorsuch against F. W. Woolworth &
Co.   Defendant's demurrer to the declaration was overruled,
and the trial court certified its ruling.

*Reversed, and demurrer sustained.*

*F. A. O'Brien* and *S. O. Boyce,* for plaintiff.
*J. W. Cummings* and *A. E. Bryant,* for defendant.

WOODS, JUDGE:

The circuit court overruled defendant's demurrer to the
declaration filed herein, and of its own motion certified its
ruling to this Court for decision.

The declaration avers that the defendant corporation con-
ducts a public "Five and Ten Cent Store" business in a cer-
tain building on Market Street in the city of Wheeling,
wherein its wares and merchandise are kept and offered for
inspection of, and sale to, the public; and further charges
that on December 1, 1924, the defendant then and there—
"Knowingly, negligently, carelessly and unlawfully permit-
ted the floor and aisles of the main store-room, which floor
and aisles the defendant kept oiled, to become very wet and
covered with water, snow and slush so as to become dan-
gerous to persons using said floor and aisles in making their
purchases in and about defendant's main storeroom; that at
the time aforesaid, to-wit, on the 1st day of December, 1924,
at the special invitation and request of the defendant, the
plaintiff visited said main storeroom for the purpose of mak-
ing various purchases of defendant's merchandise then and
there being offered to the public for sale; that as she was in
the act of walking from one part of said main storeroom to

another, and while, without fault on her part, she was approaching a counter located near the front of said main storeroom she was, by reason of the wet and slippery condition of said floor, violently precipitated and thrown to the floor, greatly injuring herself'', etc.

The grounds of demurrer are: (1) The declaration fails to allege any duty on the part of defendant, or to aver any neglect in its performance; and (2) it does not aver that the injury complained of resulted from the negligence of the defendant.

Defendant bases its argument that the declaration must specifically aver the duty owed by defendant to plaintiff, largely upon the recent decision of this Court in *Diotiollavi* v. *United Pocahontas Coal Company*, 98 W. Va. 116, wherein point 2 of the syllabus reads: "In an action for personal injuries, based on negligence, the declaration must allege the duty, aver the negligence in its performance, and specify the act working the injury, but need not detail all the evidential facts of negligence." While apparently warranting defendant's contention, the particular point here under discussion was not in issue in that case. Judge BRANNON clearly stated the rule, in *Thomas* v. *Electrical Company*, 54 W. Va. 395: "Pleadings should state facts, not law. Facts only are necessary to be stated, not arguments and influences. Where a declaration, after stating facts, alleges that it thereupon became the duty, etc., the allegation is to be understood as merely legal liability supposed to result from the facts, and as an assertion that the defendant became bound in law to a legal liability, and not as a substantive allegation. *The allegation of duty is superfluous where the facts show a legal liability, and is useless where they do not.* * * * It is only necessary to state facts, and never is it necessary to aver matters of law in a declaration." And the same jurist in *Snyder* v. *Wheeling Electrical Company*, 43 W. Va. 661, says: "To avoid misunderstanding, it is important to add that the declaration need not state the particular facts that are not primary or main facts, but only are evidence of primary facts. When the necessary primary facts are given, then all other facts merely incidental that go to prove the primary facts

may be proven without specification in the declaration.'' This Court has long held that a bare allegation of duty is only a conclusion of law, and that, where the facts alleged show the duty and are stated with sufficient clarity to prevent surprise and enable the court to proceed upon the merits of the cause, the declaration is good on demurrer. *Pierce* v. *Railroad Company*, 99 W. Va. 313; *Lawrence* v. *Hyde*, 77 W. Va. 639; *Haines* v. *Railway Company*, 71 W. Va. 453; *Poling* v. *Ohio River Railroad Company*, 38 W. Va. 645; *Thomas* v. *Electrical Company*, *supra*; *Snyder* v. *Wheeling Electrical Company*, *supra*.

''Ordinarily it is not necessary, in an action for negligence, to aver specifically that the defendant owes a duty to the plaintiff not to injure him, it being sufficient in this respect if the complaint avers facts from which the law will imply the duty.'' 21 R. C. L. p. 500.

Since the declaration, in our opinion, sufficiently pleads the duty owing by defendant to plaintiff to keep its storeroom premises in proper condition of safety to customers dealing therein, the inquiry must be as to whether or not it avers that the injury complained of resulted from defendant's neglect, i. e., whether or not the alleged dangerous condition of the premises was the proximate cause of plaintiff's injury. Although the declaration charges that the defendant ''permitted the floor and aisles of its storeroom, which it kept oiled, to become very wet and covered with water, snow and slush so as to become dangerous to persons using said floor and aisles in making their purchases'', it does not say that the floor thereby became so *slippery* that customers were likely to fall thereon to defendant's knowledge, or aver in what manner it became ''dangerous'' to customers. While the declaration further avers that as plaintiff was approaching a counter she was, without her fault, ''by reason of the wet and slippery condition of said floor, violently precipitated and thrown to the floor'', it does not allege that the wet and slippery condition of the floor was the sole cause of her falling thereon; or attribute the *slippery* condition of the floor to the water, snow, slush or oil upon it; or even charge that her precipitation to the floor was alone caused by her

slipping thereon. As it is possible plaintiff may have fallen by reason of being crowded or shoved by other customers on the slippery floor, it is imperative that the declaration charge that the negligence of defendant was the proximate cause of the injury.

Because of plaintiff's failure to allege facts showing her injury was the proximate result of defendant's negligence, we are of opinion that the circuit court should have sustained the demurrer to the declaration; and it will be so certified.

*Reversed, and demurrer sustained.*