# CHARLESTON.

MARY L. GORSUCH *v.* F. W. WOOLWORTH & COMPANY

(No. C. C. 421)

Submitted September 4, 1929. Decided September 10, 1929.

*O'Brien & O'Brien* and *Ewing & McGinley,* for plaintiff.
*J. Wm. Cummins, A. E. Bryant,* and *Nesbitt, Goodwin & Nesbitt,* for defendant.

LITZ, JUDGE:

This case is certified from the ruling of the circuit court sustaining a demurrer to the amended declaration.

The action of the circuit court in overruling a demurrer to the original declaration was reversed upon a former certification. 104 W. Va. 98. The original declaration charges, in substance, that the defendant owns and operates a retail mercantile business in the city of Wheeling; that it knowingly, negligently, carelessly and unlawfully permitted the floor and aisles of its main storeroom, which it kept oiled, to become ''very wet and covered with water, snow and slush

so as to become dangerous to persons using the same in making purchases from the defendant;'' and that while ''in the act of walking from one part of the said main storeroom to another, and without fault on her part, she was, by reason of the wet and slippery condition of said floor, violently precipitated and thrown thereon, seriously injuring herself.'' Holding that the allegations were insufficient to show that the injury of the plaintiff was ''the proximate result of the defendant's negligence'' this Court, in its former opinion, said: ''Although the declaration charges that the defendant 'permitted the floor and aisles of its storeroom, which it kept oiled, to become very wet and covered with water, snow and slush so as to become dangerous to persons using said floor and aisles in making their purchases', it does not say that the floor thereby became so slippery that customers were likely to fall thereon to defendant's knowledge, or aver in what manner it became 'dangerous' to customers. While the declaration further avers that as plaintiff was approaching a counter she was, without her fault, 'by reason of the wet and slippery condition of said floor, violently precipitated and thrown to the floor', it does not allege that the wet and slippery condition of the floor was the sole cause of her falling thereon; or attribute the slippery condition of the floor to the water, snow, slush or oil upon it; or even charge that her precipitation to the floor was alone caused by her slipping thereon. As it is possible plaintiff may have fallen by reason of being crowded or shoved by other customers on the slippery floor, it is imperative that the declaration charge that the negligence of defendant was the proximate cause of the injury.''

The amended declaration charges, not only that defendant kept the floors and aisles of its building oiled, and permitted the same to become dangerous to its customers, by reason of the accumulation thereon of snow, ice, slush, ''peanuts, fruit skins, and meat casings that had been spilled, dropped or thrown thereon'', but also negligently failed to adopt reasonable and ordinary methods to minimize its slippery and dangerous condition, and that by reason thereof and as the direct and proximate result of said carelessness and negli-

gence, the plaintiff, without fault on her part, slipped and was violently thrown and precipitated upon said floor and thereby greatly injured.

Counsel for the defendant, in support of the ruling of the trial court, states: "It is impossible to tell from this declaration what caused the plaintiff to fall. Was her fall due to the wet and slippery condition of the floor, or was it due to her having slipped on peanuts, fruit skins, or meat casings, or was it due to mismanagement of the store? We are free to confess that we are at a loss to know which, if any one of these things, was responsible for the injuries which the plaintiff alleges to have sustained. If the fall was caused by the defendant's mismanagement of its store, the defendant should be told in what respect it mismanaged the same and how that mismanagement caused her to slip and fall. If it was caused by the defendant having oiled its floors, the defendant should be told that. Was the dangerous condition of the floor caused by the defendant having oiled it and then permitting water, snow, slush, ice, peanuts, fruit skins and meat casings, to collect and be dropped thereon?" That is what the declaration says. Such comment is, in our judgment, hypercritical and unwarranted. The original and amended declarations, together, substantially charge that the alleged injury to the plaintiff was due to the negligence of the defendant in permitting the accumulation of "water, snow, slush, ice, peanuts, fruit skins and meat casings" on the floor of its storeroom, "which it kept oiled", so as to become slippery and dangerous to its customers, of whom the plaintiff, at the time of her injury, was one. No further particularity should be required.

The ruling of the circuit court is, therefore, reversed and the demurrer overruled.

*Reversed; demurrer overruled.*