J. E. STAFFORD *v.* CHESAPEAKE & OHIO RAILWAY COMPANY

(No. 7055)

Submitted October 28, 1931.     Decided November 3, 1931.

*Fitzpatrick, Brown & Davis* and *C. W. Strickling,* for plaintiff in error.

*James Damron* and *Randolph Bias,* for defendant in error.

HATCHER, JUDGE:

This is an action brought under the Federal Employer's Liability Act, to recover damages for personal injuries received by plaintiff on October 15, 1928, while in the employment of defendant. The plaintiff procured a judgment for $40,000.00 and defendant obtained a writ of error.

The most material evidence follows: The plaintiff testified that at the time of his injury he was twenty years old, had painted houses for a year "off and on" before entering the employment of the defendant, and had worked for it as a "painter's helper" some five or six weeks; that he was assisting G. W. Malone, an experienced painted, move a long heavy swinging board (used as the painters' scaffold) on one of defendant's bridges when the board shifted suddenly, knocked

him off the bridge and the fall broke his back; that he had worked on the eastern end of the board (painting the bridge) for several hours before moving the scaffold and had noticed a little rope fastened to the stirrup which supported the board; that he had never worked on a swinging scaffold before; that no one instructed him to tie the board to the stirrup; that he did not know the board should be tied to prevent the stirrup slipping; that J. A. Finley, the assistant foreman of defendant, informed him he should help Malone; and that Malone rigged the scaffold. It is established that the eastern stirrup slipped, causing the board to escape control, and that immediately after the accident, it was not tied to the board. Plaintiff's claim of inexperience is supported by his witness Finley, who testified that after watching plaintiff work (prior to the day of his injury) he (Finley) had advised the foreman that plaintiff was "too green a man to put on" bridge work. Finley was within some twelve feet of the plaintiff at the time he fell, and was the only witness who observed him before he actually commenced falling. Finley denied that the board knocked plaintiff from the bridge, and stated that the board had swung to a perpendicular position about 17 feet away from plaintiff, when he turned pale, took a step or two and fell. Finley further stated that he directed the men on the bridge, as a group, to tie the stirrup to make it secure and that upon his inspection later, he noticed that the eastern stirrup was tied. He is supported by two of defendant's witnesses, who were on the bridge, as to instructing the group to tie the scaffold so it would be safe, and by one such witness as to the board being in a perpendicular position before plaintiff fell. Plaintiff admits he was one of the group to which Finley gave certain orders as to the work, but says he did not hear the instruction to tie the stirrup.

The plaintiff contends that under the evidence, the defense of assumption of risk is inapplicable and that he is entitled to recover as a matter of law. An ordinary risk assumed by him was that of losing his footing on the bridge by reason of dizziness or misstep. His own witness Finley says (in effect)) that plaintiff fell for just those reasons. Consequently, we cannot yield to that contention. The defend-

ant argues that the ordinary use of plaintiff's senses should have demonstrated to him that moving the scaffold without tying the board to the stirrup would be dangerous, and that he should be held, as a matter of law, to have assumed such an obvious risk even if it were an extraordinary one. We cannot agree with that argument because of Finley's corroboration of plaintiff's inexperience *("too green" to work on bridges)*, Finley being immediately in charge of the plaintiff and representing the master. The manner in which the accident occurred and the rick assumed, are jury questions and should have been properly so submitted. But a binding instruction, complete in itself, was given on behalf of plaintiff, which entirely ignored the material defense of assumption of risk. This was reversible error despite other instructions, given on behalf of defendant, which did present that defense. "A binding instruction in behalf of the plaintiff which ignores a material defense supported by substantial proof is erroneous. The error is not corrected by an instruction on behalf of the defendant properly submitting the issue." *Shaver* v. *Coal Co.*, 108 W. Va. 365, 380. The reasons for this rule were stated many years ago in *McMechen* v. *McMechen*, 17 W. Va. 683 (pt. 12 Syl.) as follows: "It is error to give inconsistent instructions to the jury, for it is calculated to confuse and mislead them; it leaves the jury at liberty to decide according to the correct rule of law or the contrary, and renders it impossible for the court to determine upon what legal principle the verdict was founded." This rule has been consistently applied by this court to binding instructions for a half century, except in a few cases where the instruction was incomplete or for some other substantial reason which does not exist in the instant case. See *Woodell* v. *Imp. Co.*, 38 W. Va. 23; *McCreery's Admx.* v. *Ry. Co.*, 43 W. Va. 110; *McVey* v. *Coal Co.*, 49 W. Va. 412; *Blake* v. *Ry. Co.*, 57 W. Va. 300; *Canning Co.* v. *Grocery Co.*, 68 W. Va. 698; *Britton* v. *Oil Co.*, 73 W. Va. 792; *Pettry* v. *Coal Co.*, 77 W. Va. 654; *Evans* v. *Kirson*, 88 W. Va. 343; *Blackwood* v. *Tr. Co.*, 96 W. Va. 1; *Trippett* v. *Pub. Ser. Co.*, 100 W. Va. 319.

For which error the judgment of the lower court is reversed, the verdict of the jury set aside and a new trial awarded the defendant.

> *Judgment reversed; verdict set aside; new trial awarded.*