WILLIAM CURRY *v.* NEW CASTLE AUTO EXPRESS

(No. 7183)

Submitted April 26, 1932. Decided May 3, 1932.

*J. Wm. Cummins, E. E. Carter* and *A. E. Bryant,* for plaintiff in error.

*R. L. Ramsey* and *W. S. Wilkin,* for defendant in error.

WOODS, JUDGE:

The New Castle Auto Express prosecutes error from a $4,500.00 judgment rendered against it in an action to recover for personal injuries.

The accident, which resulted in injury to plaintiff, occurred at the intersection of Main and 5th Streets in Warwood (a suburb of Wheeling) about five o'clock A. M., November 5, 1927. The tracks of the traction company, over which the plaintiff was at the time operating an express car, occupy Main Street. Defendant's truck was driven up 5th Street in an easterly direction, out onto the tracks and turned south on Main Street, in front of the approaching express car. The front vestibule of the express car was wrecked, and plaintiff severely injured.

According to one of plaintiff's witnesses, who was standing just back of him, the automobile truck was seen when the street car was ninety feet back from the crossing. However, the driver of defendant's truck testified that he saw the street car two blocks north of the crossing at the time he entered the intersection. Plaintiff and the two men on the car with him state that the motor was reversed, and the former adds that he also applied the air. According to the evidence on behalf of plaintiff, the truck did not have its lights burning, and virtually ran out in front of the car.

The errors stressed on appeal go to the sufficiency of the declaration, and the giving of certain instructions on behalf of the plaintiff, over defendant's objections.

The demurrer to the declaration was overruled. The declaration alleges in effect that the defendant through its servants drove a certain truck with great force and violence, directly in front of and *against* a certain street car which plaintiff was then and there operating as motorman along tracks laid in streets of Warwood; and that at the time of the accident aforesaid the truck was being negligently, carelessly

and unlawfully driven on, along and over the streets aforesaid, by defendant's servants and agents, in the dark and nighttime of said day without a light or lights, and by means of the premises, the said plaintiff was then thrown with great force and violence against the front of said street car, and was crushed and injured by coming in contact with said street car and said automobile truck, etc. Its sufficiency is attacked on the ground that it fails to aver any duty on the part of defendants, or the existence of negligence in their performance, and also that it does not specify the act working the damage, or aver that the injuries complained of resulted from any negligence on the part of the defendant.

As to the allegation of duty: While duty is recognized as one of the essential elements of actionable negligence, no great degree of particularity is required in such pleading, and if facts are alleged which clearly show a legal duty and the neglect thereof on the part of defendant and a resulting injury to the plaintiff, a declaration will generally be held sufficient to state a cause of action for negligence. 45 C. J., 1058, sec. 629. In *Gorsuch* v. *Woolworth & Co.*, 104 W. Va. 98, 139 S. E. 472, point 1 of the syllabus, this Court held: "Ordinarily, it is not necessary, in an action for negligence, to aver specifically that the defendant owes a duty to the plaintiff not to injure him, it being sufficient in this respect if the complainant avers facts from which the law will imply the duty." It is apparent under the pleading that the defendant owed a duty not to run in front of the car being operated by the plaintiff in the manner set up therein. It will also be noted that it specifically alleges that the truck was driven in front of and *against* a certain street car. We hold the same to be sufficient, although it is inaptly drawn.

Plaintiff's instruction No. 5 is attacked as binding. It told the jury that it was the duty of the defendant while approaching the street car track, through its agent, operating an automobile truck, to exercise care commensurate with the risk of crossing the track, and if the jury believe from the evidence that the defendant's agent did see or could have seen the car by the exercise of reasonable care or attention to the situation, and failed to do so, and such failure contributed

directly to the injury, they must find for the plaintiff. This clearly ignores the defense of contributory negligence. That plaintiff recognized that contributory negligence was an element in the case is shown by the fact that an instruction was given at his instance defining the term. Whether there was contributory negligence on behalf of the plaintiff is a jury question and should have been so submitted. We have consistently held that the omission of the element of contributory negligence is reversible error, although the instructions given by the defendant embodied such element. This court said in *McMechen·v. McMechen*, 17 W. Va. 683, that ''It is error to give inconsistent instructions to the jury, for it is calculated to confuse and mislead them; it leaves the jury at liberty to decide according to the correct rule of law, or the contrary, and renders it impossible for the court to determine upon what legal principle the verdict was founded.'' The recent case of *Stafford* v. *C. & O. Ry. Co.*, 111 W. Va. 249, 161 S. E. 447, which is to like effect, cites a large number of West Virginia cases so holding.

Plaintiff's instruction No. 3 is in the following language: ''The court instructs the jury that where it is claimed in defense of an action for personal injuries, that the plaintiff's own negligence contributes to the injury, the negligence of the plaintiff, which will defeat a recovery must be a proximate cause of· the injury. The negligence of the plaintiff must be such as he could, under the circumstances, reasonably anticipate would result in his injuries.'' This is attacked on the ground that it in effect places the burden on the defendant to prove that plaintiff's negligence was the proximate cause of the injury. The law sought to be applied seems to be well stated in *Authur* v. *City of Charleston*, 46 W. Va. 48, 32 S. E. 1024, that ''Contributory negligence, in its legal signification, is such an act of omission on the part of a plaintiff, amounting to a want of ordinary care, as, concurring or co-operating with the negligent act of omission of the defendant, is a proximate cause or occasion of the injury complained of. To constitute contributory negligence, there must be a want of ordinary care on the part of the plaintiff, and a proximate

connection between that and the injury." The instruction must be restated to conform to the above decision.

The judgment must be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed; verdict set aside; new trial awarded.*