MARGIE SUMMERS *v.* AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT

(No. 7400)

Submitted November 1, 1932.   Decided December 12, 1932.

*Steptoe & Johnson, Stanley C. Morris,* and *J. Hornor Davis, II,* for plaintiff in error.

*E. E. Robertson* and *Lillian S. Robertson,* for defendant in error.

LITZ, JUDGE:

This is an action on a fire insurance policy for damage to real estate.

The property injured is a dwelling on Truslow Street in the city of Charleston, formerly occupied by plaintiff and her family.   It was covered by a fire insurance policy, issued, June 15, 1930, to her by defendant (through an insurance agency of Charleston) for $3,000.00, and a policy of like amount, issued to her, June 8, 1929, by Orient Insurance Company, through the same agency.   Judgment was entered upon a verdict against defendant in favor of plaintiff for $850.00.

Her husband, L. C. Summers, who had been engaged in the real estate business in Charleston, died in March, 1931, leaving plaintiff and four children living in the premises. June 21st, following, she and the children removed to the state of Ohio temporarily, as she claims, to live with the fam-

ily of her brother in law, John Kesterson, taking with them some of her household furniture. She left in the possession of the premises Sam Vance and his wife who occupied one room until some time between the 4th and 18th of July. On July 28th, while visiting in Charleston, plaintiff employed Charles Penry to repaper the kitchen and dining room preparatory, as she says, to her immediate removal to the premises. She also engaged him at the time to sleep in the building at nights until August 1st, when her nephew, Guy Dillon, was expected to take charge, awaiting her return. Penry occupied the house accordingly. On August 3rd, he papered the kitchen and cut the paper to be hung in the dining room next day. About two o'clock the following morning a resident of the neighborhood discovered the house afire. Members of the city fire department, on arriving at the scene in response to a fire alarm, found in the kitchen a five-gallon oil can containing a small quantity of oil, and in a closet of another room a similar can turned over a box of rags saturated with oil, and also detected in parts of the house oil on the walls and floors. The fire, which was soon extinguished, resulted in substantial damage to the building, furniture and some personal belongings. Plaintiff, being notified at her residence in Ohio of the occurrence, immediately came to Charleston. After visiting the premises she went to the home of her sister in Fayette county where she inquired for Guy Dillon, who, she was told, had gone to Charleston. Dillon testified that he was not on the premises the night of the fire nor at any time before the fire after Penry left. Some neighborhood women testified to alleged statements made by Mrs. Summers to the effect that she did not desire to live in the property, was not financially able to repair the house for satisfactory tenants, but was anxious to have it occupied on account of the insurance. Plaintiff promptly consulted Joe Carney of Charleston, a former business associate of her husband, about the loss. Carney thereupon secured W. A. Abbott, a building contractor of Charleston, to determine the damage, which Abbott later fixed at $950.00, and offered, for that sum, to make such repairs as in his opinion were necessary to restore the building. Being later informed that Abbott had often estimated losses for fire insurance companies, plaintiff invited D. B. Jones, a

building contractor, to estimate the loss with a view to submitting a bid to repair the injury. His estimate, of $1,900.00, did not include painting and provided for very low grade of wiring and plumbing. Thereafter, A. K. Arthur, for the same purpose, submitted an estimate of $2,900.00. This amount was adopted by plaintiff in her proof of loss, filed October 1, 1931, which she testified was prepared by a reputable attorney of Charleston after she had ⌐urnished him "all the information". Proofs of loss to the personal property filed by her, fixing the damage to a long used piano and two winter coats at their original sale prices, and the detailed estimates of Arthur and Abbott, were introduced in evidence. The large discrepancy between the totals of the two estimates is due to the difference in the opinions of Arthur and Abbott as to how much of the damaged parts of the building should be replaced, and how much might be restored by refinishing

The jury, after hearing the evidence and inspecting the premises, fixed the damage at $1,700.00.

In addition to the general issue the defendant pleaded (a) that plaintiff had willfully and intentionally caused the fire, resulting in the loss; (b) that she had violated a provision of the policy prohibiting the keeping or using of inflammable substances on the premises; and (c) that she had sworn falsely in estimating the damage for the proof of loss.

Defendant contends, as grounds for reversal, (1) that the jury should have been peremptorily instructed in its behalf on the theories that plaintiff was responsible for the incendiary origin of the fire and had sworn falsely in her proof of loss; (2) that her instructions 1, 2 and 3 are erroneous; (3) that instruction 11, tendered by defendant, should have been granted; and (4) that improper evidence was admitted in her behalf.

The jury were directed by plaintiff's instruction No. 1 to find for her if, in their opinion, the defense of arson had not been established by a preponderance of the evidence. Likewise, her instruction No. 3 told the jury to find for her unless they believed from a preponderance of the evidence that the defense of false swearing had been proven. The effect of these instructions was to require the establishment of both defenses, either of which precluded recovery. A binding in-

struction in behalf of the plaintiff ignoring a material defense supported by substantial proof is erroneous. The error is not corrected by other instructions properly submitting the issue. *Shaver* v. *Coal Company*, 108 W. Va. 365, 151 S. E. 326; *Stafford* v. *Chesapeake & Ohio Ry. Co.*, 111 W. Va. 249, 161 S. E. 447.

We find no error in other rulings of the court.

The judgment is reversed, verdict set aside, and a new trial awarded.

*Reversed and remanded.*