# CHARLESTON

## WILSON v. GUYANDOTTE TIMBER CO.

Submitted January 17, 1911.  Decided April 9, 1912.

1. PLEADING—*Allegations in General—Conclusions or Matters of Fact.*

   Counts in a declaration for damages to plaintiff's rights as a user of a river from the operation of a boom by a chartered company, which rest the claim of injury on the charge merely that defendant negligently and unlawfully stopped up the river and caught so great an accumulation of logs that the boom broke, are bad for not averring wherein lay the negligence and unlawfulness of the ordinarily lawful acts by a chartered boom company in stopping up a river and catching a great accumulation of logs. (p. 603).

2. NAVIGABLE WATERS—*Right to Use—Boom Company.*

   Under ordinary circumstances a boom company has no right to use all of the surface of the river below its boom for rafting purposes to the exclusion of transportation by others; and if one is unreasonably kept from the use of the river by the boom company in this particular he may have action for the injury. (p. 604).

3. APPEAL AND ERROR—*Disposition of Cause—Reversal—Rulings on Pleadings.*

   When a demurrer to faulty counts in a declaration has been overruled, and at the trial evidence enhancing the damages has been admitted under no good count, a judgment so partially resting on the bad counts must be reversed. (p. 605).

4. NAVIGABLE WATERS—*Right to Use—Statutory Provisions.*

   Code 1906, ch. 54A., sec. 28, does not insure damages regard-

less of negligence or unlawful act by the boom company, to individuals using the river for transportation.   (p. 606).

5.   DAMAGES—*Measure—Injuries to Property—Rental Value.*
     Rental value is a proper measure in ascertaining damages for loss by delay in the operation of a mill.   (p. 607).

Error to Circuit Court, Cabell County.

Action by T. W. Wilson against the Guyandotte Timber Company.   Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Campbell, Brown & Davis,* for plaintiff in error.

*Simms, Enslow, Fitzpatrick & Baker,* for defendant in error.

ROBINSON, JUDGE:

Plaintiff has recovered damages for the loss of logs swept away by the breaking of defendant's boom and for delay in getting logs to his saw mill by reason of the occupancy of the river by the boom company in rafting out a gorge of logs formed opposite his mill after the boom broke.   Defendant submits that the trial court erred in overruling the demurrer to the declaration and each count thereof, in refusing the admission of certain testimony offered at the trial, in the giving and the refusing of instructions to the jury, and in refusing to set aside the verdict and grant a new trial.

We hold the first and second counts of the declaration to be insufficient.   That which is averred therein as negligence is not negligence.   The gist of the first and second counts is that it was unlawful and negligent for the boom company to stop up the river entirely and allow an enormous accumulation of logs in the boom.   This alleged act of negligence is stated as that which caused the injury for which recovery is sought.   It is averred that this great accumulation of logs caused the boom to break and to sweep away plaintiff's logs which were below it.   But it is not averred that defendant knowingly permitted an accumulation of logs beyond the strength of the boom, or that defendant negligently undertook to hold logs with a weak and insecure boom.   Defendant had the right to use its boom for the catching of a great accumulation of logs.   It had the right to stop up the

river entirely under circumstances reasonably demanding that it do so for the successful carrying on of its business. It was chartered and given the lawful right to do these very things. The mere statement that plaintiff's injury came from acts which were ordinarily lawful on the part of defendant will not make a case. The charge that the boom broke by defendant stopping up the river entirely and catching a great accumulation of logs is not enough. Such breaking may have been without blame on defendant's part. Nor will it do merely to say that these acts were negligently and unlawfully done without showing wherein the negligence and unlawfulness lay; for, it is not always a negligent or unlawful act in a boom company to stop up a river and catch a great number of logs. The act must be shown to be negligence; not merely stated to be. The case is different from that of running a locomotive onto a horse. *Robbins* v. *Railroad Co.,* 62 W. Va. 535. That case, relied on by plaintiff, is not in point here. Facts must be averred to take the act out of its ordinary harmless phase. The additional circumstances, making the stopping up of the river and the great accumulation of logs unlawful and negligent, must be shown. Did defendant undertake to stop up the river and hold logs to an extent that the strength and construction of the boom did not reasonably warrant? If it did that knowingly, then it was negligence towards those liable to injury by the breaking of the boom. Did it operate a boom that was not reasonably sufficient for the ordinary exigencies of rises in the river? Did it do anything in negligent disregard of plaintiff's rights? These counts aver no facts constituting a use of the river in disregard of the rights of plaintiff. They are predicated wholly on the theory that it was unlawful to boom the river entirely. The boom act grants that right. Code 1906, ch. 54A., sec. 21; *Ironton Lumber Co.* v. *Guyandotte Timber Co.,* 68 W. Va. 358.

The third count claims damages because the defendant occupied the entire width of the river opposite plaintiff's mill for thirty days in rafting out an immense gorge of logs that rested against the railway bridge after the breaking of the boom, so that plaintiff could not get logs to his mill by means of river transportation. The count is not definitely and directly

pleaded. It may, however, be sufficient wherein it avers, in sub-
stance, such a wrongful use of the river by the defendant in
rafting out the logs that plaintiff was excluded from the use
of the river. The count, however, leaves so much to implica-
tion in this particular, and has so much surplusage in other par-
ticulars, that it should be amended before another trial.
Defendant under ordinary circumstances would have no right
to use all of the river for rafting purposes in taking out the
gorge. It has by the very terms of the statute the right to use
the surface of the water for two miles below the boom for
assorting and bunching logs, but this right must be exercised
consistently with rights of others to the use of the stream. The
count crudely makes a showing that defendant unlawfully and
negligently excluded plaintiff from his lawful right to use the
river.

Much of the evidence adduced at the trial was admissible
only under the faulty counts of the declaration. Damages for
loss of plaintiff's logs were proved thereunder. None of this
evidence was admissible under the third count. The demurrer
as to the first and second counts must be sustained. And since
the evidence was not all admissible under the good count, we
must reverse the judgment. Plainly the damages awarded show
recovery under the faulty counts. Those damages are greatly
in excess of any proved under the good count. *Hood* v. *Black,*
29 W. Va. 244; *Robrecht* v. *Marling,* 29 W. Va. 765; *Duty* v.
*Railway Co.,* 70 W. Va. 14. It is assuredly true that damages
for the loss of logs were not provable under the third count
which claimed nothing on that score.

The trial mainly proceeded on the erroneous theory that
*prima facie* it was unlawful for defendant to boom the river
wholly at any time. This error was not only sanctioned in
overruling the demurrer to the counts embodying it, but it was
carried into the admission of testimony and the giving and
refusing of instructions. We deem it unnecessary, however, to
discuss further this feature of the case. An amendment to the
declaration will, of course, eliminate it. That a "corker" may
be used in booming, so as to close the river wholly, when the
exigencies of the occasion reasonably demand it, is settled. It
may be used if used lawfully, and not in negligent disregard of

the rights of others. *Ironton Lumber Co.* v. *Guyandotte Timber Co., supra.*

We find no fault with the instruction given for plaintiff in relation to damages claimed under the third count. But the instruction asked for defendant on this score was also fitting a proper trial under that count. It is certainly true that if defendant worked diligently and skilfully in rafting out the gorge, rafted the same away as rapidly as practicable, and did not exclude plaintiff from the use of the river any longer than was reasonably necessary to break up and raft away the logs, the defendant is not liable for the temporary interruption of plaintiff's use. Both have rights on the river. One must give way reasonably to the other, when those rights conflict. All this depends on the circumstances and conditions of the particular case. One may block a highway and delay another in the use of it, if he does it reasonably out of the very condition of things which he has not himself negligently caused.

Whatever may be a proper interpretation of section 28 of the boom act as to damages to the corpus of mill properties and lands, a question heretofore discussed in *Pickens* v. *Boom Co.,* 51 W. Va. 445 and 66 W. Va. 10, that section was never meant to insure damages without negligence or unlawful act in the use of the boom to others using the river for the same purposes the boom company is using it. The boom company by its charter has a lawful right to use the river as a highway; others by the common law have the same right. Those rights are mutually dependent. The lawful use by one can not be a basis of damages to the other. For one to be entitled to damages from the other, that other must have wantonly or negligently deprived the one of the use to which he was entitled. Plaintiff's claims are wholly founded on alleged loss as a user of the river. He must allege and prove negligence or unlawful disregard of his rights on the part of the boom company. He must overcome the lawful right that defendant also has on the river. He can not recover simply because he would not have been injured if the boom had never been built, no more than the boom company can recover for an injury to it by him in the use of the river solely on the ground that the injury would not have occurred if he had never used the river.

Defendant was not permitted to inquire as to what rental plaintiff paid for the saw mill. The question was a proper one. Rental value is a proper measure in ascertaining damages for loss by delay in the operation of a mill. *Pickens* v. *Boom Co.,* 51 W. Va. 445; *Hurxthal* v. *Boom Co.,* 65 W. Va. 346.

The judgment will be reversed, the verdict set aside, the demurrer sustained as to the first and second counts of the declaration, leave given plaintiff to amend, and a new trial awarded.

*Reversed and Remanded.*