# CHARESTON

MAHAFFEY v. LUMBER Co.

Submitted September 8, 1910.   Decided October 22, 1912.

PLEADING—*Matters of Evidence.*

A declaration for damage to property from fire, alleging that the defendant negligently allowed the fire to start on his own premises and spread to the premises of the plaintiff, need not specify the cause or origin of the start of the fire, or other matters merely going as evidence to prove the cause or origin of the fire.

Error to Circuit Court, Grant County.

Action by J. W. Mahaffey against the J. L. Rumbarger Lumber Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*L. J. Forman* and *F. C. Reynolds,* for plaintiff in error.

*Cunningham & Stallings* and *Arch J. Welton,* for defendant in error.

BRANNON, PRESIDENT:

A former decision in this case reported in 61 W. Va. 571, will show the character of the case.   In that case a new trial was granted, and a verdict in the second trial was rendered in favor of the plaintiff for one thousand dollars.   J. W. Mahaffey sued the J. L. Rumbarger Lumber Company for damage to him by the burning and injury to certain of his property from fire originating from an engine of the lumber company used on its railroad in removing lumber from its plant.   The lumber company complains that the court refused to exclude testimony of Mahaffey to the effect that engines used by the company set out fire, because of improper construction of equipment of engines.   It is pointed out that such evidence was not admissible because the declaration did not specify that the fire came from

engines or want of spark arresters and other defects in the
engines. It is said the declaration is too general without such
specifications. No demurrer was entered; but it is said that
this defect in the declaration forbids such evidence. The de-
claration charges that the defendant caused fire to originate on
its premises by negligence, and negligently failed to fight its
extension, and thus allowing it to reach the premises of Mahaffey
and destroy his property. An amended declaration alleged that
the defendant, while engaged in moving timber from said tract
of land, by its servants and employees, did so in such a manner
as to negligently set fire to brush, logs, trees and timber on
the land occupied by the defendant. Thus, we have the main
fact charged, namely: that the defendant did negligently set
fire to brush, logs, trees and timber on its premises, and did
allow its spread to the land of the plaintiff. True, the de-
claration does not say that any engine or railroad was used by
the plaintiff; but having charged the main or primary fact of
the negligent start and extension of the fire, we think it was
admissible, as mere matter of evidence, to prove just how the
fire started, that is, from engines, and that such start of fire
came from defects therein. When the primary fact of tort doing
the damage is charged, that is enough. Mere evidence to prove
the primary fact need not be charged. *Snyder* v. *Wheeling
Elect. Co.*, 43 W. Va. 661; *Bralley* v. *Railway Co.*, 66 *Id.* 462.

The court allowed a witness to state that in the summer of
1908 the lumber company had men to follow the engines to put
out the fire that was frequently started by the engines. As the
fire involved in this case took place in 1904, it is said that it
was improper to allow evidence tending to prove that the fire
came from the engines four years afterwards. *Hannun* v. *Hill*,
52 W. Va. 166. We have held in cases of personal injury,
from defective machinery and the like, it cannot be proven that
subsequent repairs were made, to establish defects at the time
of the injury. See *Board* v. *Insurance Co.*, 65 W. Va. 248, sec.
5. Whilst we question the inadmissibilty of this evidence, we
do not deem it sufficiently material to warrant us in reversing
the judgment after a second trial resulting in the same way. We
cannot see that it was controlling in the case.

It was pointed out that the court erred in refusing to allow

a witness, Otis Fout, to give evidence tending to show that four years after the fire the sugar orchard, claimed to have been injured, was in good condition and to prove its value, the plaintiff having given evidence that the orchard was greatly damaged. Now, Fout had just given answer to this question in part. He stated "the timber looked to be in fairly good condition. I call it good, because my attention was only called to one tree burned on the west side." Thus, the defendant had the benefit of his evidence as to the *condition* of the orchard, and cannot specify error as to it. As to *value* at the time Fout examined it, that was not the question, and there is no error in excluding his evidence as to that. And moreover, Fout had disabled himself as an expert by saying that he was not a good judge of timber.

We consider that there is no error in plaintiff's instruction 1, as it is justified by the former decision, as also instruction 2 and instruction 3 and instruction 4. Instruction 5 is good under the former decision in this case with the modification made in it on the second trial. We do not see any error in instruction 6. The principles involved in the instructions are covered by the former decision and they need not here be incorporated. Some of these instructions are said to assume facts, but we do not think them liable to this criticism, or that the jury could so construe them.

There was a very considerable amount of evidence tending to sustain the plaintiff's case. It is said that the verdict is not sustained by the evidence; but that is a jury question and we cannot affect the verdict, especially as the same conclusion has been reached by two juries.

Therefore, we affirm the judgment.

*Affirmed.*