# CHARLESTON.

### JACKSON *v*. MONITOR COAL & COKE COMPANY
### (C. C. No. 261.)

### Submitted January 14, 1925. Decided January 20, 1925.

1. MASTER AND SERVANT—*Employing Boy Under 16 Years of Age in Mine Illegal.*

   Under section 2, c. 17, Acts 1919 (section 72, c. 15H, Barnes' Code 1923), it is unlawful to employ a boy under 16 years of age in a coal mine. (p. 61).

   (Master and Servant, 26 Cyc., p. 980 [1926 Anno].)

2.  SAME—*Employment of Minor in Mine by Employer Obtaining and Filing Age Certificate is not Illegal.*

But under section 5 of that act (Sec. 74a, Chap. 15H, Code 1923), if the owner of a coal mine has received from the proper local officer an age certificate showing the age and date and place of birth of such minor, and showing that the minor is 16 years of age or over, which age certificate is filed in the office of the employer all as set out in said section, it is not then unlawful for him to employ the minor to work in the mine. For the purposes of the employment under the regulation of the statute,. the minor is of the age stated in the certificate.   (p. 62.)

(Master and Servant, 26 Cyc. p. 980 [1926 Anno].)

3.  SAME—*Plea by Employer, Sued by Minor Employee, Setting Out, Obtaining and Keeping on File Age Certificate, is Properly Allowed.*

In a suit for personal injuries brought by such minor against his employer, alleging that he was under the age of 16 at the time of the injury received, and was unlawfully employed because in fact he was under the age of 16 years when employed, and basing his right to recovery on that fact, a plea by defendant employer, setting out compliance on his part with the requirements of said section 5 in obtaining and keeping on file the age certificate therein provided for, presents. a defense to the action, and it is not error to allow it to be; filed, if otherwise in proper form.   (p. 66).

(Master and Servant, 26 Cyc. p. 1402.)

(NOTE:   Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi.)

LITZ, JUDGE, absent.

Certified questions from Circuit Court, Logan County.

Action by Ray Jackson, suing, etc., against the Monitor Coal & Coke Company. Trial court certifies questions arising on pleading.

*Affirmed in part; reversed in part.*

*Fitzpatrick, Brown & Davis,* for plaintiff.
*Howard & Howard,* for defendant.

LIVELY, PRESIDENT:

Ray Jackson, suing by his next friend, seeks damages for personal injuries suffered during the course of his employment as a trapper in defendant's coal mine. He alleges, in

substance, that notwithstanding the provisions of Section 2 of Chapter 17, Acts 1919 (Section 2, Chapter 15H, Barnes' Code 1923), prohibiting the employment of children under sixteen years of age in any mine, the defendant negligently employed him, the plaintiff, in one of its mines in Logan County, although at the time of his employment he was but fifteen years and six months of age. He further alleges that about two months later, by reason of such illegal employment, and as the proximate result thereof, he was so severely injured by one of defendant's coal trains in the mine that it became necessary to amputate one of his arms. The second count of plaintiff's declaration is based on defendant's failure to keep, on file, accessible to the proper enforcement officers, a work permit issued by the superintendent of schools, authorizing plaintiff's employment, as required by Sections 3 and 4 of Chapter 17, Acts 1919 (Sections 73 and 74, Chapter 15H, Barnes' Code 1923).

In defense defendant filed two special pleas, numbered 1 and 2. The first plea sets out the provisions of Section 5 of Chapter 17, Acts 1919 (Section 74-*a*, Chapter 15H, Code), providing for the issuance of age certificates by the officer charged with such issuance, when requested by an employer of a minor representing himself to be sixteen years of age or over. The section prescribes the requirements of proof of age for the issuance of such permits, and provides that when issued they shall be kept on file in the offices of such employers and shall be accepted by the enforcement officers as evidence of the age of the persons in whose names they are issued. The plea then recites that plaintiff represented his age to be 16 years or over, and that, before he was employed, the superintendent of schools of Logan County, E. M. Scaggs, issued to defendant a certificate of the kind referred to above. The certificate is copied into the plea, and it is alleged that it remained unrevoked and on file in the office of defendant during plaintiff's employment, according to the provisions of the act. The gravamen of this plea is that, having protected itself by securing and filing the age certificate, the defendant has saved itself from the legal liabilities which would otherwise be imposed

upon one who employs a minor under sixteen to work in a coal mine.

Special plea No. 2 reiterates the averments of plea No. 1, relative to the issuance and filing of the age certificate, and, in addition, that prior to and during the plaintiff's employment, defendant, as an employer under the West Virginia Workmen's Compensation Act (Chapter 15P, Barnes' Code 1923), elected to, and did pay into the Workmen's Compensation Fund the full amount of the premiums required by that act. Defendant alleges that by so doing it was protected from liability for the personal injuries suffered by plaintiff, who, it alleges, was an employee under the Compensation Act, and therefore entitled to the benefits of the Compensation Fund. It further avers that plaintiff has been awarded compensation from the fund in the sum of $2,400, and that he has actually received therefrom the sum of $555.00.

Plaintiff objected to the filing of the two special pleas, which objection the court overruled. He then demurred to them. The court also overruled the demurrer, whereupon, plaintiff tendered a special replication to the pleas, based upon certain alleged defects in the age certificate made a part of the pleas. The court sustained an objection to the special replication, refused to permit it to be filed, and upon the joint application of the parties, it certifies to us the matters arising upon the court's rulings on: (1) the objections of the plaintiff to the filing of said special pleas of defendant, and each thereof; (2) the demurrers of said plaintiff to said special pleas, and each thereof; and (3) the objection of the defendants to the filing of said replication.

The controlling question arising upon the pleadings in this case is whether or not plaintiff was lawfully employed. Plaintiff contends that the employment was unlawful, under the statute prohibiting the employment of minors under sixteen years to work in coal mines. Defendant argues that it has protected itself by complying with the statute relative to the procuring and filing of age certificates.

The statute involved is Chapter 17, Acts 1919, "An act to prohibit and regulate the employment of minors," now em-

bodied in Sections 71 to 74-*d*, inclusive, Chapter 15H, Barnes' Code 1923. Section 2 (Section 72, Chapter 15H, Code) provides, " . . . No child under the age of sixteen years shall be employed, permitted, or suffered to work in any mine, quarry, tunnel or excavation, . . . and it shall be unlawful for any person, firm or corporation to take, receive or employ such child for any of the purposes or occupations mentioned in this paragraph." Under this section of the act, the employment of the plaintiff was unlawful. Defendant, to escape liability, invokes the aid of Section 5 of said Chapter 17 (Section 74-*a*, Chapter 15H, Code), which is as follows:

> "Upon the request of any employer who is desirous of employing a child who represents his or her age to be sixteen years or over, the local officer charged with the issuance of work permits shall require of such child the proof of age specified in section three of this act, and upon receipt thereof if it be found that the child is actually sixteen years or over, shall issue to such employer a certificate showing the age and date and place of birth of said child. Such age certificate when filed in the office of the employer shall be accepted by the officer charged with the enforcement of this act as evidence of the age of the child in whose name it was issued. Any officer charged with the enforcement of this act may inquire into the true age of a child apparently under the age of sixteen years who is employed, permitted or suffered to work in any gainful occupation and for whom no work permit or age certificate is on file, and if the age of such child be found to be actually under sixteen years the presence of such child in such establishment shall be deemed a violation of the provisions of this act. The state commissioner of labor may, at any time, revoke any such age certificate if in his judgment it was improperly issued, and for this purpose he is authorized to investigate into the true age of any child employed as in the case of work permits. The issuance of work permits and of age certificates shall be under the supervision of the state superintendent of free schools, who shall seek at all times to standardize this work."

Section 7 (Section 74-*c*, Chapter 15H, Code) places the general responsibility of enforcing the act upon the commis-

sioner of labor, and certain other officers, but provides that in the case of the employment of children in mines, the enforcement thereof is delegated to the state department of mines, presumably the chief of the department of mines.

Section 8 of the same chapter (Section 74-*d*, Chapter 15H, Code) fixes the penalties, including both fines and imprisonment, for the violation of any of the provisions of the Child Labor Act.

Plaintiff argues in his brief to the effect that Section 5, Chapter 17, Acts 1919, has no effect whatever upon the prohibition in Section 2 prohibiting the employment of a minor under sixteen years of age in a mine. It is contended that if the boy be in fact under sixteen years of age no protection from civil liability is afforded to the employer by Section 5 or any other part of the act; that, therefore, the employer, when he employs a minor, takes the risk that he is over the prohibited age, and if he be not so in fact, the employer is liable both criminally to the State and civilly to the child if injured, or to his personal representative if killed.

It will be observed that Section 5 in terms applies to *any* employer who is desirous of employing a child who represents his age to be 16 years or over. It is argued that we should hold that "any employer" as used in Section 5 does not include an employer who operates a mine. Such a construction would be rather strained. Then what effect shall be given to Section 5 if it does not in some measure protect the mine employer in the employment of such an applicant? If it has no effect, it might be asked what is its use? Why did the legislature include it in the act? A cardinal rule of statutory construction is, "Every part of a statute must be viewed in connection with the whole, so as to make all its parts harmonize, if practicable, and give a sensible and intelligent effect to each. It is not presumed that the legislature intended any part of a statute to be without meaning," Lewis' Sutherland Stat. Cons., Vol. 2, Sec. 491, page 919. The Act, Chapter 17, Acts 1919, which we are considering, is a comprehensive one, not amendatory of any former act, the title being "An act to prohibit and regulate the employment of minors." Prior to this

act the employment of children in mines was dealt with in Section 24, Chapter 15H, Barnes' Code, and was enacted by the legislature of 1915, the age limit then being 14 years; and if a parent or guardian made affidavit that the child was over the age of 14 years or more and placed the affidavit in the hands of the employer and a duplicate thereof with the district mine inspector, the age of the child as stated in the affidavit was declared to be conclusive evidence of the age of the child so far as the employer was concerned. The act under consideration has entirely changed that method of ascertaining the age of the child by a carefully designated procedure based upon the highest form of evidence. The officer charged with the ascertainment of the child's age is required to have before him a birth certificate or attested transcript thereof issued by a registrar of vital statistics or other officer charged with the duty of recording births; or a record of baptism or a certificate or attested transcript thereof showing the date of birth and place of baptism of the child; or a *bona fide* contemporary record of the date and place of the child's birth kept in the Bible in which the records of the births of the family of the child are preserved, or other documentary evidence prescribed for proof of age set out in Section 3 of the Act. The proof of age required is much higher and more reliable than the affidavit of parents, or the one in *loco parentis,* for necessity or cupidity often rendered the affidavits unreliable. The ascertainment of the fact of the true age of the applicant for work is left not to the employer nor to the parents, but is placed in a responsible officer who is not interested financially and who represents the State in the scheme to regulate the employment of minors. It is presumed that a public officer will do his duty. One purpose of this age certificate is to prevent the employment of the child in a mine if he be less than 16 years of age. It operates to carry out the provision of Section 2, prohibiting the employment of a child under 16 years of age in a mine. This age certificate, under the hand of a competent local officer representing the State in the scheme of this statute, says that the applicant is in fact beyond the prohibited age. It does not say it shall be conclusive evidence of the fact, but surely it

cannot be contended that if the employer, in good faith rely-
ing upon the certificate authorized and directed by the statute,
employs the child, he has violated any of the provisions of the
act and subjected himself to the penalties prescribed in Sec-
tion 8. It is reasonably clear that no prosecution to invoke the
penalties could be successful. The unlawfulness of the employ-
ment is thus obviated. He is permitted under the very terms
of the act to make the employment when the age certificate is
filed in his office. If he could not lawfully employ the applicant
under such circumstances, Section 5 would be useless and have
no part in the scheme of legislation. When this certificate is
filed in the office of the employer, he has the right to rely upon
it, and under the plain provisions of the statute and under a
reasonable construction thereof the child, so far as the em-
ployer is concerned, is beyond the prohibited age. If it was
otherwise, many boys who had become 16 years of age or a
little beyond, and who needed the necessities of life for them-
selves or their dependents, could not obtain employment in a
mine or in any other occupation in which there was a degree
of danger to life or limb; and no employer would take the risk
if no protection was afforded by the statute. It would prac-
tically prevent the employment of boys recently past the age
of 16 years in such employments. It is not unlawful to employ
a boy sixteen years of age or over in a mine. The purpose of
the statute, as expressed in its title, is to prohibit and regulate
the employment of minors. A boy sixteen years or over has a
right to work. Any construction which would take from him
such right would be against the plain intendment of the stat-
ute. His right is facilitated by the age certificate, the issuance
of which is placed under the supervision of the state superin-
tendent of free schools, who is required to standardize the
work. Armed with this certificate, the issuance of which is
strictly regulated by positive terms under the supervision of
public officials, his employment is lawful. The law says to the
employer, ''You can employ the boy whose age is thus certi-
fied.'' Accentuating the lawfulness of the employment is the
provision in Section 5 by which the certificate may be revoked
by the state commissioner of labor ''as in the case of work

permits.'' When a work permit is revoked, the officer who issued it and the employer must be notified and the child shall not thereafter be employed or permitted to labor until a new permit has been legally obtained (Section 4). Before the revocation of the work permit the employment is evidently regarded as lawful.

The declaration charges that it was defendant's duty to observe and obey this statute, and not to employ the plaintiff; that this duty was breached when he was employed, and that this breach was the proximate cause of the injury received, for which damages are claimed. The declaration in tort actions of this character must charge the duty incumbent upon defendant to perform; a proper averment of the breach of that duty and how committed, and the resultant injury for which damages are claimed. *Snyder* v. *Wheeling Electrical Company*, 43 W. Va. 661. This the declaration does. The declaration being based entirely upon the unlawfulness of the employment as the proximate negligence resulting in the damages sued for, under the decisions of this court in *Norman* v. *Coal Co.*, 68 W. Va. 405, and subsequent decisions affirming the principle therein announced; plea No. 1 setting out in substance that the employment was not unlawful is a defense to the action and was properly filed.

We cannot see the relevancy of plea No. 2, which sets up the fact that defendant was a contributor to the Workmen's Compensation Fund and protected against suits of this character thereby; for, if the age of plaintiff be 16 years or more, as set out in plea No. 1, there can be no recovery under this declaration, and if the issue on plea No. 1 should be decided in favor of plaintiff, plea No. 2 would not be a defense, for the Workmen's Compensation Statute, Section 9, Chapter 15P of the Code, says that the act shall not apply to ''persons prevented by law from being employed,'' etc. *Morrison* v. *Coal Co.*, 88 W. Va. 158; 106 S. E. 448. This plea should have been rejected.

The replication to the pleas was properly rejected. It is not the duty of the employer to investigate and pass upon the evidence on which the issuing officer based his finding of fact

incorporated in the age certificate; nor is it his duty to inquire into what evidence was considered by that officer. *Taglinette v. Sydney Worsted Co.*, 105 Atl. 641. No fraud or collusion in the issuance of the certificate is charged against defendant.

The action of the lower court is affirmed in part and reversed in part as above indicated; and we so answer the questions certified.

*Affirmed in part; reversed in part.*