# CHARLESTON.

Bill Tofano *v.* Theodore McIntyre

(No. C. C. 432)

Submitted October 14, 1930. Decided October 21, 1930.

*Ira J. Partlow* and *Taylor & Taylor*, for plaintiff.
*J. N. Harman, Jr.*, for defendant.

LIVELY, PRESIDENT:

Demurrer to the declaration was sustained and the ruling certified here. The points of law raised are (1) whether the declaration states a cause of action; and (2) whether the declaration shows contributory negligence defeating recovery.

The declaration is in tort, charging that defendant was a retail merchant and plaintiff dealt at his store often purchasing therefrom kerosene, commonly called "lamp oil" and coal oil, which plaintiff used for lighting his home and starting fires in his stove, and for other domestic purposes, as was the custom in that neighborhood; that on the ____ day of November, 1928, he purchased from defendant a gallon or more of a "distillate oil or liquid" as and for kerosene, believing it was the same kind as he had purchased theretofore, and that the same was fit for use in kindling fires in his stove according to the custom and manner of using the same in that community; and that on the following morning after the purchase he attempted to start a fire in his stove by placing kindling wood in the stove, pouring a small quantity of the liquid therein, and applying a match thereto, in a careful and prudent manner, as was his custom and that of the community, whereupon there was an explosion of the liquid, which burned him, causing serious injury to his person, and totally distroying his dwelling house by fire.

The declaration further charges that it was defendant's duty to inform plaintiff that the liquid sold him was more dangerous than that formerly sold, and of the dangers attendant upon its use for the purposes to which ordinary kerosene or lamp oil was used by plaintiff and others in that community; that the liquid sold him was inferior to that formerly sold to him and was not suitable for the same purposes for which he had theretofore purchased, a fact well known, or should have been known, by defendant; that this duty was breached by his failure to give plaintiff information or warning of the dangerous character of the distillate, well knowing that the liquid was

to be used by plaintiff for the domestic purposes stated. In short the declaration charges a sale by defendant to plaintiff of a dangerous distillate for kerosene well knowing the use plaintiff would make of it, and without giving him warning or information of its dangerous character, if so used. It specifies with reasonable certainty the act of omission which caused the damage, the duty which defendant owed to plaintiff, the negligence in the failure to perform that duty, and the resultant damage.

In tort actions the declaration must aver the duty, aver the existence of negligence in its performance, and specify the act working the damage. These are the essential elements, and they are all found in this declaration. *Snyder* v. *Wheeling Electrical Co.*, 43 W. Va. 661. Clearly the declaration states a cause of action, and we so answer the first point of law certified to us. ''It is well settled that a man who delivers an article, which he knows to be dangerous or noxious, to another person, without notice of its nature and qualities is liable for an injury which may be reasonably contemplated as likely to result, and which does in fact result, therefrom, to that person or any other, who is not himself in fault.'' *Wellington* v. *Downer Kerosene Oil Co.*, 104 Mass. 64.

On the second point of law certified, namely, whether the declaration shows contributory negligence on the part of plaintiff, defeating recovery, defendant argues that the proximate cause of the injury was not the sale and delivery of the article by him without notice of its danger, but was the use of it in starting the fire; that it was the negligent use which was the proximate cause of the damages. The declaration charges that a fire in the stove was attempted to be started in a safe and prudent manner and with due precaution in the use of ordinary kerosene of the kind which had theretofore been sold plaintiff.

We cannot say as a matter of law that the use of kerosene in the starting of a fire in a stove is negligence *per se*. It may or may not cause an explosion, depending upon the manner in which it is used. We are here dealing with a pleading and not with evidence. It has been held that pouring kerosene from a can upon a live fire causing an explosion, defeated recovery.

*Riggs* v. *Standard Oil Co.*, 130 Fed. 199. The manner of the use constituted the negligence in that case. Here the declaration is that a small quantity of the distillate was poured on kindling wood and lighted by a match, from which ignition an explosion occurred. We are not concerned by what, the evidence may be to support that allegation. It is also charged that it was customary in that neighborhood to start fires by the use of ordinary kerosene or coal oil, and that defendant knew plaintiff purchased the distillate as ordinary kerosene for that purpose.

The use of kerosene for the purpose of kindling fires is not in itself contributory negligence. *Peterson* v. *Standard Oil Co.*, (Ore.) 106 Pac. 337; *McLawson* v. *Parogon Ref. Co.*, (Mich.) 164 N. W. 668; *Parogon Refining Co.* v. *Higbea*, 15 N. E. 860; *Ellis* v. *Republic Oil Co.*, 110 N. W. 20; and *Getz* v. *Standard Oil*, 210 N. W. 78.

The ruling of the trial court is reversed.

*Ruling reversed.*