Anna M. Gasber

*v.*

Coast Construction Corporation

(CC 763)

Submitted April 12, 1950.   Decided June 20, 1950.

*Goodwin, Nesbitt, Spillers & Mead,* for plaintiff.

*Handlan, Garden, Matthews & Hess, James P. Clowes,* for defendant.

GIVEN, JUDGE:

This action of trespass on the case was certified to this Court from the Circuit Court of Ohio County. It involves a claim for personal injury allegedly resulting from the negligence of the defendant, Coast Construction Corporation, in the construction of temporary steps at the rear of a dwelling of plaintiff, Anna M. Gasber, in Wheeling. There were filed an original and three amended declarations and a demurrer to each, in timely order, was sustained by the circuit court. The third amended declaration is complete in itself, does not refer to or adopt any preceding declaration or any part of any preceding declaration, and is, therefore, the only declaration in the case. Only the allegations contained therein can be considered in determining its sufficiency. Prior declarations cannot add anything thereto or subtract anything therefrom. *Love* v. *Power Company,* 86 W. Va. 393, 103 S. E. 352; 41 Am. Jur., Pleading, Section 313.

The defendant contends that the declaration does not sufficiently allege a duty on the part of the defendant and that it is insufficient for the reason that it is too general and does not specifically allege the act or acts of negligence proximately causing the injury, and apparently the demurrer thereto was sustained for these reasons. After alleging that the defendant was engaged in the general contracting business and had contracted to make certain

alterations or additions to the dwelling of plaintiff, including the construction of permanent steps at the front and rear thereof, and while engaged in the performance of said contract had raised the dwelling approximately eight feet above its prior elevation, the declaration further alleged that the defendant "* * * hurriedly constructed in the rear of said dwelling and home of the plaintiff wooden steps of approximately sixteen in number, which were intended by said defendant to be used by the plaintiff and other occupants of said home and dwelling for the purpose of entering and leaving the same, and which were the only means provided by said defendant for anyone to enter and leave said home and dwelling.

"That it then and there became and was the duty of the said defendant to use ordinary care and diligence in the construction of said wooden steps to be used by the occupants of said home and dwelling to enter and leave the same, and it became and was the duty of said defendant to construct and build said steps in a reasonably safe manner and to make them and to construct them so that they could be used by said occupants in ascending or descending with reasonable safety, and it likewise became and was the duty of said defendant to warn the plaintiff and others of any latent defects in said steps or dangers incidental to the use of said steps, particularly if used at night when said steps and any defects therein or dangers incident to the use thereof were concealed by darkness.

"When the said defendant, not regarding its duties as aforesaid, on the 11th day of April, 1947, negligently, carelessly and unlawfully, and without the use of due or reasonable care, constructed wooden steps in the rear of said dwelling and home of the said plaintiff in a defective, loose, insecure, improper and negligent manner and in violation of Section 606 of Article VI of the Building Code of the City of Wheeling and as a direct and proximate result of the said negligence, carelessness and wrongful conduct of the said defendant, said plaintiff, in attempting to use said steps as said defendant so intended and while the said plaintiff was rightfully and lawfully descending

said steps in the nighttime in the exercise of reasonable care and without any fault on her part, suddenly and without any warning or notice of any kind that said steps were defective, insecure, loose or improperly constructed, was violently precipitated and thrown forward and fell on her head and back on the concrete at the side and bottom of said steps and was thereby greatly injured, and, as a direct and proximate result thereof, the plaintiff sustained a fracture of the vertebrae in her back, which caused the paralysis of her arms, * * *."

A declaration for personal injury in tort based upon negligence to be sufficient must show a duty on the part of the defendant, a breach of that duty and resulting injury. *Wiseman* v. *Terry*, 111 W. Va. 620, 163 S. E. 425; *Diotiollavi* v. *Coal Company*, 98 W. Va. 116, 128 S. E. 278; *Wills* v. *Coal Company*, 97 W. Va. 476, 125 S. E. 367; *Snyder* v. *Wheeling Electrical Company*, 43 W. Va. 661, 28 S. E. 733. It is not necessary that the declaration specifically allege that the defendant owed a duty, but it is sufficient to allege facts from which the law will imply a duty. *Gorsuch* v. *Woolworth*, 104 W. Va. 98, 139 S. E. 472.

The present declaration alleges that the defendant was performing work pursuant to a contract; that it constructed the temporary steps "which were intended by said defendant to be used by the plaintiff", and that the temporary steps "were the only means provided by said defendant for anyone to enter and leave said home"; and that it was the duty of the defendant to construct the steps so that the occupants of the dwelling could ascend or descend them with reasonable safety. We think this sufficiently alleges a duty on the part of the defendant to construct the steps, and construction of the temporary steps was necessarily done in the performance of the contract and it necessarily follows that they should have been constructed in a reasonably safe manner.

The sufficiency of the allegations as to the breach of the duty alleged presents a more difficult question. Should the declaration have alleged the specific negligent act, or a combination of negligent acts, which constituted the

proximate cause of injury, or is it sufficient that the declaration merely allege negligence in the construction of the temporary steps, leading to proof the particular or specific act or combination of acts of negligence which proximately caused the injury?

In *Railroad Company* v. *Whittington, Adm'r.*, 30 Gratt. 805, the allegations as to negligence were that "the defendants conducted themselves so carelessly, negligently and unskilfully, in the operation of their said business, as to inflict upon W. (plaintiff's intestate) severe bodily injuries * * *." The declaration was held insufficient. In pointing out the reasons for the holding the Court stated:

> " 'Now whether the plaintiff's intestate was at the time a passenger on the train and received his injuries as such, or whether he was an employee of the company, and was injured while engaged in their service, or whether he was a stranger crossing the track of the company's road, or whether he was on the track at all, or in the cars, or at a station, or in what manner he was injured the declaration does not inform us. It was impossible for the defendants to learn from this declaration the ground upon which plaintiff was proceeding. The declaration amounted to an averment simply, that the plaintiff's intestate was injured by the negligence of the defendants, in the operation of their business in using and employing their engines and cars on their railway.' "

This Court, in considering this question in *Hawker* v. *Railroad Company*, 15 W. Va. 628, page 635, stated:

> "* * * The degree of certainty required by the rules of pleading was met by the allegation that 'the defendant negligently, carelessly and wrongfully caused a train of cars on its railroad to be propelled and driven upon the fat cattle of the plaintiff, whereby three of them were killed and seven others greatly bruised and injured.' It is neither usual nor necessary to specify the acts or omissions of the defendant which constitute the negligence. This is a matter of proof, and need not be specified in the declaration. It was not

specified in the declaration in the case of *Blains* v. *The Chesapeake and Ohio Railroad Company,* 9 W. Va. 252, and *Baylor* v. *The Baltimore and Ohio Railroad Company, Id.* 270. * * *."

This statement was approved in *Berns* v. *Coal Company,* 27 W. Va. 285 at page 288, 55 Am. Rep. 304, the Court using the following language:

"* * * While it is true, as the counsel for the plaintiffs in error insists, that the object of the declaration is to set forth the facts, which constitute the cause of action, so that they may be understood by the party who is to answer them, by the jury, who are to ascertain the truth of the allegations, and the court, who is to pronounce judgment, yet it is equally true, that in an action for negligence the declaration need not state with particularity the acts of omission or commission, which constituted the negligence or wrongs. * * *."

In *Clarke* v. *Railroad Company,* 39 W. Va. 732, at page 742, 20 S. E. 696, the Court, in considering such a declaration, stated: "* * * the declaration must in such cases have the requisite definiteness to inform the defendant of the nature of the cause of action, and the particular act or omission constituting the tort, else a demurrer will lie. * * *." This statement was reconsidered in the case of *Snyder* v. *Wheeling Electrical Company, supra,* wherein the Court laid down the rule that:

"A declaration for tort arising from negligence may allege the mere negligence generally, without stating the particular facts going to prove negligence, but must specify with reasonable certainty the main or primary act of omission or commission doing the damage; and the allegation that the defendant did the particular act causing the damage furnishes the predicate or basis for evidence of all such incidental facts and circumstances of omission and commission as fairly tend to establish the negligence of the primary act, and to plead them specially would be to plead mere evidence instead of facts." Point 1, Syllabus.

This Court has followed this rule in many cases, including *Gilkerson* v. *Railroad Company,* 129 W. Va. 649, 41 S.

582

E. 2d 188; *Tofano* v. *McIntyre,* 109 W. Va. 550, 155 S. E. 653; *Manafee* v. *Railway Company,* 107 W. Va. 245, 148 S. E. 109; *Holton* v. *Gas Company,* 106 W. Va. 394, 145 S. E. 637; *Gorsuch* v. *Railway Company,* 104 W. Va. 98, 139 S. E. 472; *Jackson* v. *Coal and Coke Company,* 98 W. Va. 58, 126 S. E. 492; *Burr* v. *Telephone Company,* 97 W. Va. 508, 125 S. E. 335; *Gallik* v. *Steel and Iron Company,* 75 W. Va. 533, 84 S. E. 253; *Duty* v. *Railroad Company,* 70 W. Va. 14, 73 S. E. 331; and *Barrackman* v. *Marion Oil Company,* 45 W. Va. 634, 32 S. E. 327, 44 L. R. A. 92.

In *Robbins* v. *Railroad Company,* 62 W. Va. 535, 59 S. E. 512, the declaration alleged that the defendant so "negligently used, managed, run and operated its said locomotives and cars that by and through the negligence, carelessness and improper conduct of the said defendant, * * *" the horse of plaintiff was killed. Plaintiff's declaration was held not subject to demurrer, notwithstanding there was no specific act of negligence alleged, the Court stating: "Here is a distinct allegation that the defendant * * * carelessly and negligently ran its locomotive and cars upon and against the said horse of the plaintiff and thereby killed the said horse. This is clearly a distinct act of negligence to be complained of and not simply a conclusion of the pleader as contended." The rule is stated in Point 2 of the syllabus to be:

> "The object of the declaration is to set forth the facts which constitute the cause of action, so that they may be understood by the defendant, by the jury who are to ascertain the truth of the allegations and the court who is to pronounce judgment."

In *Mahaffey* v. *Lumber Company,* 71 W. Va. 175, 76 S. E. 182 the Court, in considering a declaration which alleged no specific act of negligence, but which merely charged that defendant "while engaged in moving timber from said tract of land, * * * did so in such a manner as to negligently set fire to brush * * *", causing the damage, stated: "True, the declaration does not say that any engine or railroad was used by the plaintiff (defendant); but having charged the main or primary fact of the negli-

gent start and extension of the fire, we think it was admissible, as mere matter of evidence, to prove just how the fire started, that is, from engines, and that such start of fire came from defects therein. When the primary fact of tort doing the damage is charged, that is enough. Mere evidence to prove the primary fact need not be charged."

In *Owen* v. *Power Company,* 78 W. Va. 596, 89 S. E. 262, the declaration was based upon negligence of the defendant in the operation and maintenance of its electric line. It charged that the defendant "carelessly, negligently and unlawfully so maintained and operated its electric line" that a wire broke loose and was permitted to sag down and hang in that position. In holding the declaration good the Court stated:

"* * * True, it is not alleged that the negligence consisted in imperfect construction of the line, or in its maintenance; nor does it point out whether the negligence was an act of omission or commission. But the particular act of negligence may not have been known to plaintiff or ascertainable by him; and he is not required to allege a fact which he does not know and can not ascertain by reasonable diligence. If the wire was not in fact properly fastened, that would be the act of negligence. If it was constructed properly and afterwards became detached by any cause whatsoever, and was negligently permitted to sag so near to the ground as to be dangerous and remain in that position, charged with a deadly current of electricity, for an unreasonable length of time, that would be the act of negligence. Negligence is sufficiently charged; the specific act of negligence that caused the injury need not be averred. * * *."

In *Gallik* v. *Steel and Iron Company,* 75 W. Va. 533, at page 536, 84 S. E. 253, this Court stated: "Our decisions have adopted the liberal rule on this subject. If the alleged act of negligence be stated in general terms, and without stating the particular facts going to prove negligence, but stating the main or primary act of omission or commission doing the damage, this will be regarded sufficient pleading."

We think it clear that the declaration in the instant case sufficiently alleges negligence on the part of the defendant. It charges that the defendant "negligently, carelessly and unlawfully, without the use of due or reasonable care, constructed wooden steps * * * in a defective, loose, insecure, improper and negligent manner * * *", and that plaintiff was injured "as a direct and proximate result thereof." Here the defendant is fully informed from the allegations that it is charged with the negligent construction of the steps. True, the declaration does not say just what step was negligently or defectively constructed, or what nail was improperly placed, or what board or material used was defective, or how much any step sloped, or what step was constructed of thin boards, but such evidential facts need not be pleaded, it being sufficient to state only the primary act of negligence, the primary act of negligence here being the negligent construction of the steps. *Morrison* v. *Coal Company,* 88 W. Va. 158, 106 S. E. 448; Hogg's Pleading and Forms, 4th Edition, Section 178. We do not intend to be understood as saying that a general allegation of negligence will be sufficient in any case. A defendant must be informed from the allegations of the pleadings "that he negligently did a specific act doing harm. In other words, you may say that the defendant negligently did or did not do so and so, without detail as to the mere negligence, but you must state the acts that are the basis of liability. If the negligence cannot be otherwise charged, detail must be given." *Snyder* v. *Wheeling Electrical Company, supra;* Hogg's Pleading and Forms, 4th Edition, Section 179. *Wilson* v. *Timber Company,* 70 W. Va. 602, 74 S. E. 870, relied upon by defendant, is a case where "that which is averred therein as negligence is not negligence" and not a case where an allegation of primary negligence was held insufficient.

Defendant contends further that the declaration is defective in that it states more than one cause of action and apparently bases this contention upon the fact that more than one act of negligence is charged. This, however, does not amount to duplicity. There is only one duty of de-

fendant alleged, that of constructing the temporary steps in a reasonably safe manner. Any negligent act in the construction would constitute a breach of the duty, but a number of negligent acts would be only breaches of the same duty and there would exist only one liability as to that duty without regard to the number of negligent acts committed in the construction of the steps. Assuming that each of the sixteen steps was negligently constructed, we do not presume that the defendant would contend that the plaintiff could maintain sixteen different actions. In *Clarke* v. *Railroad Company, supra,* at page 737, this Court considered the point thusly:

> "Now, take a case. There is a farm, through which a railroad right of way is condemned. The company's legal duty is to put in two cattle-guards. That is the whole duty to the owner as to this tract. If it puts neither, that duty is broken; so if it puts in only one. This might seem to imply that the failure to put in each cattle-guard was in itself alone a cause of action, but I think not. The owner of this farm sues the company for breach of this duty. The duty includes two cattle-guards. He specifies in his declaration, however, only the failure to build one, but he concludes later that the duty covers two. Can he not amend his declaration, and specify a second breach in the failure to make a cattle-guard at another place? He does not introduce a new and different substantive cause of action, as he does not impute a new and different duty, but still relying upon the same duty as giving birth to his right, he but calls in another breach of that duty."

The defendant also contends that the declaration shows upon its face that the plaintiff, in using the steps, assumed all risks incident to such use, and relies upon *Hunn* v. *Windsor Hotel,* 119 W. Va. 215, 193 S. E. 57. We do not agree. In the *Hunn* case, after hearing the evidence, the court directed a verdict for the defendant for the reason that the evidence established knowledge on the part of the plaintiff of the dangerous condition of the boards causing the injury, coupled with the fact that there were

586

other ways which the plaintiff could have conveniently used to avoid passing over the boards. Under such circumstances it was clear "that with full appreciation of the danger on the steps she voluntarily accepted the risk". What the evidence in the instant case may establish can not now be determined.

The defendant also contends that the declaration shows upon its face that the plaintiff was guilty of contributory negligence in the use of the steps and for that reason the demurrer was properly sustained. "Plaintiff's use of the steps, though she was conscious of the danger, would not alone make her conduct legally negligent". *Hunn* v. *Windsor Hotel, supra.* Contributory negligence, like the question of assumption of risk, is generally, and in the instant case clearly, a matter of defense. *Michelson* v. *Charleston,* 71 W. Va. 35, 75 S. E. 151.

Some reliance upon the sufficiency of the declaration by the plaintiff appears to be based upon the reference therein to the building code of Wheeling. We think this point needs no consideration other than to point out that no ordinance has been pleaded. *Boyland* v. *Parkersburg,* 78 W. Va. 749, 90 S. E. 347; *Elswick* v. *Transit Company,* 128 W. Va. 241, 36 S. E. 2d 419.

We have attempted to consider all questions necessary to the disposition of this case. The manner in which the questions were certified to this Court makes it unnecessary to attempt to answer each question separately. Seventy-four questions were included in the certificate, constituting twenty typewritten pages, apparently having been copied from the grounds assigned in support of the several demurrers. Trial courts permitting the filing of such certificates are unnecessarily increasing their own arduous tasks, as well as the tasks of this Court.

The rulings of the circuit court are reversed.

*Rulings reversed.*