33103.   SHUMAN *v.* THE STATE.

Decided July 14, 1950.   Rehearing denied July 28, 1950.

*William J. Neville, W. G. Neville,* for plaintiff in error.
*Walton Usher, Solicitor-General,* contra.

GARDNER, J. ■ Under the rulings made by this court in the case of *Shuman* v. *State,* ante, p. 294, the court did not err in overruling the defendant's demurrer to the indictment and particularly to count one thereof in that the same did not have at the end of count one the contra pacem clause, "contrary to the laws of said State, and to the good order, peace and dignity thereof." See *Lee* v. *State,* 81 *Ga. App.* 829 (60 S. E. 2d, 194).

■ It follows from the ruling made in the first division of

this opinion on the defendant's demurrer to the indictment, and particularly to count one thereof, that there is no merit in any of the special grounds of the motion for new trial, in which the defendant assigned error on the introduction of evidence in support of and relating to the offense charged in count one of the indictment. None of the evidence set forth in these grounds was irrelevant and immaterial on the ground and for the reason alleged.

■ The evidence authorized the verdict finding the defendant guilty. The jury were authorized to find that the defendant was arrested in Bulloch County, a "dry" county, on said date, with 20 gallons of alcoholic liquor in his possession, and that this liquor was unstamped whisky and was what is commonly called "moonshine" whisky, that is, whisky clandestinely distilled at an illicit whisky still, deriving the name "moonshine" from the fact that many illicit distilleries in this State are operated during the nighttime by the light of the moon, and the operators are designated as "moonshiners" and the liquor thus stilled called "moonshine" whisky.

■ The trial judge did not err in overruling the defendant's motion for new trial, as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*