DARVIN TRIMBLE *v.* SAMUEL T. STEELE

(No. 6886)

Submitted February 18, 1931. Decided February 24, 1931.

*Powell & Clifford,* for plaintiff in error.

*W. Bruce Talbott* and *E. Wayne Talbott,* for defendant in error.

HATCHER, JUDGE:

This is an action for damages for personal injuries. The plaintiff recovered a verdict of $2,000.00, which was confirmed by the trial court. The defendant obtained a writ of error.

The plaintiff was an employee at a sawmill operated by the defendant. One of plaintiff's duties was to build up the fire in the boiler early in the mornings. His statement of how he was injured is substantially as follows: On February 28, 1928, there was "a small bunch of live coals in the boiler," upon which he placed "a bunch" of dry bark, and then "stood back and dashed" on the fire about one-half pint of oil out of a five-gallon can; an explosion immediately followed, from which he received severe burns resulting in permanent injuries; the can was sitting to the left of the boiler "right at the front end," and the defendant had directed him to use the oil in that can to build up the fires; plaintiff thought the can contained ordinary lamp oil, with the use of which to kindle fires he was familiar; but the can contained crude oil, with which he was not familiar, and of which defendant gave him no information or caution; and he used the crude oil just as he would have used lamp oil. He showed by another witness that crude oil contains both gasoline and lamp oil, and that the latter is not so explosive as crude oil.

The defendant admitted that the can contained crude oil, and that this oil is highly explosive and very dangerous; denied that the oil was kept for ignition, or that he had directed plaintiff to use it for that purpose; and claimed that he had warned plaintiff not to use oil on the fire at all. There are other contradictions of plaintiff in the record. It is of no consequence that had some of the members of this Court been on the jury, they would have favored a different verdict. The evidence for plaintiff is not inherently improbable or speculative, and that of defendant does not manifestly preponderate. Under repeated decisions of this Court, we must regard the case now, because of the verdict, upon the evidence for the plaintiff.

The defendant was not a subscriber to the workmen's compensation fund. Consequently, he is deprived of the common law defenses of assumption of risk and contributory negligence, even if it be conceded that the plaintiff's conduct was negligent. Code 1923, chapter 15-P, section 26. If the defendant was primarily negligent, and that negligence contributed directly to the injury, the ensuing conduct of plaintiff is not significant. *Holton* v. *Gas Co.*, 106 W. Va. 394, 398-9. The evidence that defendant directed plaintiff to use crude oil in building up the fires, without cautioning him of its dangers, supports the charge of primary negligence. 39 C. J., subject, Master and Servant, secs. 602 and 1040. Defendant contends, however, that even if the plaintiff's evidence be accepted, he (defendant) would have had the right to assume that the plaintiff would display ordinary intelligence and common caution in using the crude oil; that the manner of plaintiff's use was foolhardy, and that the law does not require a master to anticipate that a servant will pursue a course so hazardous. This contention might have some weight if the plaintiff had known the qualities of crude oil, or if a restricted use of crude oil for ignition, with safety, had been so general in the community that a presumption was warranted that plaintiff knew of the use. But no such evidence appears. If the safe use of crude oil in kindling fires was not general, then it became the duty of the master to instruct his servant how to use it safely. The master could not rely on the presumption that the servant would know how to handle a highly dangerous substance, not in common use. The defendant would support his contention with the case of *DeFrancesco* v. *Mining Co.*, 76 W. Va. 242. In that suit the plaintiff was injured by an explosion of dynamite. He claimed to be ignorant of, and without instruction on, its use. The master was exonerated because the servant knew he had dynamite, knew it would explode, and had been making daily use of dynamite for at least a month prior to the injury. As the plaintiff in the instant case did not know he had crude oil, and had never used it before, the comparison with the *DeFrancesco* case is not apropos.

The defendant then makes this contention "Moreover, the act of the plaintiff, in dashing any kind of oil directly from a can, with an opening only at the spout, upon live coals and blazing bark, in a boiler, is such negligence as to amount to the sole proximate cause of any injury that might result therefrom." The evidence does not show that the oil was dashed directly upon "live coals and blazing bark". The bark was placed on the coals. If we assume that the bark had commenced to blaze, then the quality of plaintiff's negligence, had the oil contained lamp oil, would depend on several facts which are not in the record, such as (a) the size of the blaze, (b) its proximity to the mouth of the boiler, and (c) the distance plaintiff "stood back" from the boiler. As lamp oil is less explosive than crude oil, we are not warranted in assuming that lamp oil would explode under the same circumstances and produce as far-reaching results as crude oil. Supplementary hereto the following is quoted from a comprehensive and helpful opinion prepared by the learned circuit court

"The Court might observe that before the days of natural gas in this section of the State, lamp oil or kerosene was frequently used in the building of fires, some supplying a small amount of kerosene after a small blaze had caught in order to hurry the fire. Plaintiff testifies he did this very thing at home, not with the kind of oil furnished by defendant, crude oil, but with the oil he assumed had been given him, ordinary lamp oil. The Court repeats that the only testimony upon this subject is that of the plaintiff and he says that he had used 'ordinary oil' in building fires at home and that he 'dashed' this on 'just like I would lamp oil' at home. And if there is any place that one would be careful, it is in his home. * * * Plaintiff did use the knowledge of 'ordinary oil' which he possessed and, upon this record, it cannot be said now that he did not use the oil in the way which his experience told him he might safely use 'ordinary oil.' * * * The explosive properties of the crude oil caused the damage and injury. It does not appear that ordinary lamp oil has any such properties and the record does show its use by the

> plaintiff in building fires. * * * Admittingly negligent in furnishing crude oil, defendant cannot relieve himself of his original and initial negligence by setting up the claim that the plaintiff did 'a dangerous and risky thing' even if plaintiff did think he was using kerosene. So far as the record discloses there would have been no explosion had kerosene been used and no consequent damage or injury. The Court must ground its finding upon the record. It cannot surmise nor speculate. For reasons given it cannot, in face of the evidence, take judicial knowledge, as counsel argues, that such use of kerosene would have been attendant with an explosion and the resultant injury. *Enid etc. Co.* v. *Decker*, 128 Pac. 708-711." See generally *Tofano* v. *McIntyre*, (W. Va.) 155 S. E. 653.

Defendant complains particularly of the giving of plaintiff's instruction No. 7 and the refusal of his (defendant's) instructions Nos. 3 and 4. No. 7 omits consideration of whether plaintiff knew he was using crude oil or whether he knowingly made use of unsafe fuel when safe fuel was present. These omissions might be vital if this action were subject to the defense of contributory negligence. With that defense eliminated by the workmen's compensation statute, the pertinent question is the one which the instruction did submit, i. e., did the defendant knowingly furnish the plaintiff with crude oil to augment the boiler fires and the injury to plaintiff follow as the "direct consequence" thereof? Defendant's instruction No. 3 is duplicated in his No. 2, which was given. His No. 4 is fairly covered in part by his No. 1, and in part by his No. 6, both of which were given. Duplication of instructions is undesirable as well as unnecessary.

Perceiving no error prejudicial to defendant, the judgment of the circuit court is affirmed.

*Affirmed.*

MAXWELL, JUDGE (dissenting):

JUDGE LITZ and I would reverse this case. Plaintiff was clearly guilty of culpable negligence in throwing oil from a vessel in his hands into the fire box where he knew there

were live coals. But the defendant being a non-subscriber to the workmen's compensation fund, plaintiff's conduct cannot be looked to as a defense. Even so, there can be no recovery merely because plaintiff was injured while in the employ of defendant, but it must satisfactorily appear from the evidence that the injury was occasioned by primary negligence of the defendant. This was non-existent unless we say that it was negligence (a) to have a can of crude oil at the works available for starting fires and/or other purposes, or (b) to inform plaintiff he could use the oil in starting fire without instructing him as to the manner in which it could safely be used. Our answer to both of these propositions is that the defendant had full right to assume that any person of ordinary intelligence would not do an utterly foolish thing, and particularly that no such individual would cast inflammable oil into a fire box with live coals while holding the oil container in his hands thus affording a direct means of transmitting the fire to his person. We are warranted in believing that just that thing happened in this case. The plaintiff testified "All I seen after I dashed the oil, there shot out a blaze about the size of your finger, and then I was on fire * * *." In this view it makes no difference that plaintiff thought he was using kerosene, as the same disastrous result would probably have followed the like use of kerosene or any other highly inflammable oil.